Filed 11/8/22  P. v. Franklin CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RAEKWON FRANKLIN,<br><br>    Defendant and Appellant. | B318458<br><br>(Los Angeles County Super. Ct. No. NA099770) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Judith L. Meyer, Judge.  Affirmed.

Patricia J. Ulibarri, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury found defendant Raekwon Franklin (defendant) guilty of attempted willful, deliberate, and premeditated murder (Pen. Code,[1] §§ 664(a), 187(a)) and assault with a firearm (§ 245(a)(2)). The prosecution presented evidence at trial that defendant fired a shotgun at two minors after asking where they were from—a question understood as a gang challenge.

As to the attempted murder conviction, the jury found true allegations that defendant inflicted great bodily injury within the meaning of section 12022.7 and personally used a firearm within the meaning of sections 12022.53(b)-(d). As to the assault with a firearm conviction, the jury found true an allegation that defendant personally used a firearm within the meaning of section 12022.5. As to both convictions, the jury found true allegations that the crimes were committed for the benefit of a criminal street gang within the meaning of section 186.22(b).

The trial court sentenced defendant to 43 years to life in state prison, with an additional indeterminate life term. The sentence was comprised of a life sentence for attempted murder with an associated 25-years-to-life firearm enhancement and an associated 10-year gang enhancement, plus a consecutive term of three years for the assault with a firearm conviction and five years for the associated gang enhancement.

In a prior appeal, we affirmed defendant's conviction but vacated the sentence because the trial court erred in imposing the 10-year gang enhancement attached to the attempted murder charge. (*People v. Franklin* (Sept. 27, 2018, B284671) [nonpub. opn.] (*Franklin I*), citing *People v. Lopez* (2005) 34 Cal.4th 1002,

---

[1]    Undesignated statutory references that follow are to the Penal Code.

1004.) We remanded for resentencing and explained the court was "entitled to consider the entire sentencing scheme" and must decide whether to exercise newly-conferred discretion permitting a court to strike a 25-to-life firearm enhancement in the interest of justice. (*Id.*, citing § 12022.53(h).)

On remand, the trial court sentenced defendant to a total term of 40 years to life in state prison: life on the attempted murder count—with a 15-year minimum parole term for the gang enhancement, a 20-year firearm enhancement, a three-year great bodily injury enhancement, and a consecutive term of two years for the assault with a firearm conviction. The resentencing judge, who was not the judge who presided at trial and imposed the original sentence, remarked she was "stay[ing] fully within the spirit of" the original sentence.[2] The trial court also set a hearing pursuant to *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) for the following week. (See generally *id.* at 284 ["Franklin may place on the record any documents, evaluations, or testimony (subject to cross-examination) that may be relevant at his eventual youth offender parole hearing, and the prosecution likewise may put on the record any evidence that demonstrates the juvenile offender's culpability or cognitive maturity, or otherwise bears on the influence of youth-related factors"].)

---

[2] When the prosecution emphasized "the remittitur . . . indicates . . . the [original] sentence was 43-years-to-life" (as opposed to 40 years to life), the trial court responded, "I think for purposes of this case 40-to-life is perfectly sufficient, so I'm just going to—I appreciate the clarification, so I'm just going to make myself very clear . . . that I'm just sticking to 40-to-life."

Defendant noticed an appeal from the resentencing. This court appointed counsel to represent defendant. After examining the record, counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that raises no issues and asks us to independently review the record. We invited defendant to submit a supplemental brief and he has, arguing (1) his resentencing should have been handled by the judge who presided at trial, (2) the trial court erred by "combin[ing]" his resentencing with his *Franklin* hearing, (3) the trial court erred in "basing [his] re-sentencing off the vacated sentence instead of re-sentencing [him]," and (4) the trial court erred by "adding the gang enhancements after the appellate court had already deleted it."

Defendant's contentions lack merit. He had no right to be resentenced by the judge who presided at his trial. (*People v. Jacobs* (2007) 156 Cal.App.4th 728, 733.) The basis of defendant's suggestion that a *Franklin* hearing cannot be combined with a resentencing is not clear, but whatever the basis, the appellate record reflects the *Franklin* hearing was scheduled for after defendant's sentencing, not combined with it. And as to defendant's final two contentions, the record reflects both that the trial court's treatment of the gang enhancement complies with our decision in *Franklin I* and that the court independently exercised its sentencing discretion notwithstanding its remark that the sentence ultimately imposed was within the "spirit" of the original sentence.

Having considered defendant's supplemental brief and conducted our own examination of the record, we are satisfied defendant's appellate attorney has complied with her responsibilities and no arguable issue exists. (*Smith v. Robbins*

4

(2000) 528 U.S. 259, 278-82; *People v. Kelly* (2006) 40 Cal.4th 106, 122-24; *Wende, supra,* 25 Cal.3d at 441.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, Acting P. J.

We concur:

MOOR, J.

KIM, J.